# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK VALLES,<br><br>                    Plaintiff,<br><br>         v.<br><br>NEWSOM, *et al.*,<br><br>                    Defendants. | Case No.  1:24-cv-00379-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Frank Valles ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint is before the Court for screening.  (ECF No. 12.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at Avenal State Prison where the events in the complaint are alleged to have occurred. Plaintiff names as Defendants: (1) Warden Martin Gamboa, (2) Jarod Nash, Chief Medical Officer, and (3) Ronal Brumley, water plant supervisor.

Plaintiff alleges that he has taken three ultra sounds and the third ultrasound shows a new cyst is growing on Plaintiff's left testicle "and the warden is the—overseer- of Avenal State Prison."

Plaintiff provided the Court with the exhibits and history of Plaintiff's medical problems. Plaintiff disagrees that he failed to state a cognizable Eighth Amendment claim against any defendant in the original complaint and disagrees that he failed to link any defendant to water quality.

On December 7, 2022, the City of Avenal did testing of the water system which revealed it failed a drinking water standard – trihalomethanes of 80.75 ug/l. The state prison's own memo was signed by its Warden Martin Gamboa. The inference anyone can draw out of such memo is this state prisoner Frank Judge Valles had been at Avenal State prison in 2019, 2020, 2021, 20-22, 2023 and 2024. The contaminates are an Eighth Amendment violation. Plaintiff cites *Hall v. Skipper*, 2015 U.S. Dist. Lexis 199329, that this federal court took judicial notice of this case and took judicial notice of a Southern District of Florida case. Warden Gamboa is responsible as the

1  overseer of this state prison.

2  Chief medical officer Jarod Nash is responsible for the health of all inmates at the prison.
3  The Chief's duties is to protect from deadly contaminated in the drinking water at Avenal State
4  Prison.

5  "The second inference the consumer confidence report 2022 don't lie, p. 4 of 4." (ECF
6  NO. 12, p. 4 (hyphens omitted)). Explanation poor raw water quality has made it difficult for the
7  current treatment technology at the water treatment plant to meet the state standard.  The third
8  inference is the state's prisoner's medical conditions that can show a cause of action.  "First
9  hydrocele worsening second chronic prostatitis can be trigger by bacterial." The cyst is spreading
10 and growing on the left testicular. Plaintiff is sending his medical file and the response to the 602
11 at both levels attached as exhibits.  Plaintiff has attached approximately 50 pages of exhibits.

12 This state prison needs to be shut down or deactivated.  The governor's office is aware
13 and the City of Avenal contract should not be renewed, citing *Helling v. McKinney*, 509 U.S. 25,
14 33.

15 Plaintiff can be endangered by a single policy.

16 Plaintiff is asking for a transfer out of Avenal state Prison.  Plaintiff complains that the
17 screening order was wrong that Plaintiff cannot sure the governor and cannot sure for toxic
18 contaminants in the water.

19 **III.   Discussion**

20 Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to
21 state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided the relevant legal and
22 pleading standards, Plaintiff has unable to cure the deficiencies.

23 **Federal Rule of Civil Procedure 8**

24 Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim
25 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations
26 are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
27 conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must
28 set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. As explained below, Plaintiff must set forth factual allegations so that the Court may determine if Plaintiff plausibly states a claim.  Plaintiff's complaint does not include any allegations identifying the named defendants or their alleged actions, except as explained below.

Plaintiff has included numerous exhibits to the complaint.  He does not cross refer or explain their importance to his allegations. While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim. *Lam v. California Dep't of Corr. & Rehab.*, No. 1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).  Here, the Court has reviewed the exhibits, but did not evaluate whether their contents state a claim on Plaintiff's behalf.

**Linkage Requirement and Supervisor Liability**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The

4

1  Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional
2  right, within the meaning of section 1983, if he does an affirmative act, participates in another's
3  affirmative acts or omits to perform an act which he is legally required to do that causes the
4  deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

   Plaintiff fails to link the defendants to the alleged wrongful conduct. Plaintiff fails to allege what each defendant did or did not do which violated Plaintiff's constitutional rights. Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants of being "responsible" for that deprivation. Despite being provided with the proper pleading standards, Plaintiff has been unable to cure this deficiency.

   More specifically, insofar as Plaintiff is attempting to sue Defendant Warden, Defendant Nash or Defendant Brumley, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

   Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

   Here, Plaintiff has failed to establish that Defendant Warden (except as explained below), Defendant Nash or Defendant Brumley, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

28  ///

**Eighth Amendment – Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Courts have long recognized that exposure to environmental conditions which pose a health risk, either present or future, can support a claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 3335 (1993) (environmental tobacco smoke); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (asbestos); *Carter v. Smith*, No. C–13–4373 EMC (pr), 2015 WL 4322317, at *7–11 (N.D. Cal. 2015) (lead paint and asbestos); *Yellen v. Olivarez*, No. CIV S–94–1298 GEB DAD P, 2012 WL 3757373, at *8 (E.D. Cal. 2012) (contaminated water), *adopted in*

*full*, 2012 WL 4210030 (E.D. Cal. 2012); *Rouse v. Caruso*, No. 06–CV–10961–DT, 2011 WL 918327, at *24–25 (E.D. Mich. 2011) (contaminated water), *adopted in full*, 2011 WL 893216 (E.D. Mich. 2011). The Ninth Circuit has held multiple times, allegations that an inmate was deprived of an adequate amount of clean drinking water are sufficient to allege a violation of the Eighth Amendment. *See Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005) ("with allegations that there was a lack of drinkable water, the complaint is sufficient to state a cause of action" under the Eighth Amendment); *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000) ("receiv[ing] inadequate drinking water for four days," even where there was evidence that inmates received some amount of water, could violate the Eighth Amendment); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (providing inmates with "water that is foul would be inadequate to maintain health" and therefore violate the Eighth Amendment); *see also Keller v. Shirley*, No. 1:22-cv-01487 BAM PC, 2023 WL 6612634, at *6 (E.D. Cal. Oct. 10, 2023), report and recommendation adopted, 2024 WL 37052 (Jan. 3, 2024) (allegations that prison official, inter alia, "failed to correct the failures of past contractors, regulations, and plans to make sure the water quality is safe" were sufficient to state a claim for deliberate indifference to conditions of confinement).

      Plaintiff fails to state a cognizable Eighth Amendment claim against any Defendant. As noted above, Plaintiff has provided only conclusory allegations and fails to link any defendant to water quality. Indeed, in the Exhibits attached to the complaint, both Defendant Gamboa and non-party City of Avenal noted that the City of Avenal "determined that there is not a need to use an alternative (e.g. bottled) water supply." While the Warden may have been subjectively aware of the water contaminates (by signing the memo (ECF No. 12, p.14)), the Warden did not "know of and disregard an excessive risk to inmate health or safety." The City of Avenal's notice itself states "you do not need to use an alternative (e.g., bottled) water supply," and "This is not an immediate risk." (ECF No. 12, p. 11.) Plaintiff does not allege what each Defendant did or did not do which violated his Constitutional rights. Plaintiff alleges that because water has been contaminated, the contamination has caused a testicular cyst. Plaintiff's speculation as to the medical condition and that the water was the cause is insufficient to state a claim against

Defendant Warden, Defendant Nash or Defendant Brumley.

**Eight Amendment - Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

The Court is unable to determine from the context of the allegations whether Plaintiff was suffering a serious medical need and if each of the defendants "knows of and disregards an excessive risk to inmate health or safety."  While it appears he had a serious medical condition, Plaintiff fails to allege what each Defendant did or did not do in disregard to an excessive risk of harm to Plaintiff's health.  Plaintiff has been unable to cure this deficiency.

**Injunctive Relief**

Plaintiff is seeking injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc*., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Here,

1 | Plaintiff has failed to state a cognizable claim.

2 | Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.,* 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

### III.     Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 1, 2024**          /s/ Barbara A. McAuliffe          
                                                     UNITED STATES MAGISTRATE JUDGE